**Opinion issued December 10, 2019**



In The

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-18-00714-CR**

_____

**WALTER NELSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from 232nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1484407**

**MEMORANDUM OPINION**

Appellant, Walter Nelson, was found guilty after a jury trial of the first-degree felony offense of aggravated robbery with a deadly weapon. TEX. PENAL CODE § 29.03(a)(2). The jury assessed his punishment at 20 years' confinement, which is within the applicable sentencing range. TEX. PENAL CODE § 12.32(a). The trial court

certified that this was not a plea-bargain case, and that appellant had the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). Appellant timely filed a notice of appeal and new counsel was appointed.

Appellant's appointed counsel has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See generally Anders v. California*, 386 U.S. 738 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying this Court with references to the record and legal authority. *Id.* at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Appellant's counsel has informed us that he has delivered a copy of the motion to withdraw and the *Anders* brief to appellant and informed appellant of his right to file a pro se response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008) (orig. proceeding). Furthermore, counsel has certified that he has sent appellant the form motion for pro se access to the records for his response. *See Kelly v. State*, 436 S.W.3d 313, 319, 322 (Tex. Crim. App. 2014). Appellant did not file a pro se response to his counsel's *Anders* brief and his deadline has expired.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (explaining that reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining that reviewing court need not address merits of each claim raised in *Anders* brief or *pro se* response after determining no arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *Bledsoe*, 178 S.W.3d at 827 & n.6.

Accordingly, we affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] *See* TEX. R. APP. P. 43.2(a). Attorney, Richard K. Oliver, must immediately send the required notice and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See In re Schulman*, 252 S.W.3d at 411; TEX. R. APP. P. 48.4.

3

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).